UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

ASHLEY REID,

                           **Plaintiff,**

                                                  **JURY TRIAL DEMANDED**
v.                                              **CIVIL ACTION NO. 2:20cv642**

**TYSON FARMS, INC., T/A TYSON FOODS LOCAL GRAIN SERVICES;**

      **SERVE:**      **CT CORPORATION SYSTEM, as registered agent**
                          **4710 COX ROAD, SUITE 285**
                          **GLEN ALLEN, VA  23060-6808**

**TYSON FOODS, INC.;**

      **SERVE:**      **CT CORPORATION SYSTEM, as registered agent**
                          **4710 COX ROAD, SUITE 285**
                          **GLEN ALLEN, VA  23060-6808**

**KEVIN TAYLOR;**

      **SERVE:**      **KEVIN TAYLOR**
                          **TYSON FOODS, INC.**
                          **11224 LANKFORD HIGHWAY**
                          **TEMPERANCEVILLE, VA  23442**

**SIDNEY NEWMAN;**

      **SERVE:**      **SIDNEY NEWMAN**
                          **TYSON FOODS, INC.**
                          **11224 LANKFORD HIGHWAY**
                          **TEMPERANCEVILLE, VA  23442**

and

**CALVIN WASHINGTON;**

      **SERVE:**      **CALVIN WASHINGTON**
                          **TYSON FOODS, INC.**
                          **11224 LANKFORD HIGHWAY**
                          **TEMPERANCEVILLE, VA  23442**

                                       **Defendants.**

## COMPLAINT

Plaintiff Ashley Reid, by and through her attorneys, Denton & Denton and Eisenberg & Baum, LLP, to be admitted *pro hac vice*, submit her Complaint against the Defendants Tyson, Taylor, Newman, and Washington, and alleges the following:

## PARTIES

1. Plaintiff Ashley Reid, natural person and resident of Norfolk, VA, brings this action and is an individual residing in Norfolk, Virginia. She was employed by Defendant Tyson Foods, Inc., from April 2019 until December 30, 2019.

2. Upon information and belief, at all relevant times herein, Defendant Tyson Farms, Inc., T/A Tyson Foods Local Grain Services and Tyson Foods, Inc., ("Tyson") is a for-profit corporation that maintains, owns, and operates a poultry processing plant in Temperanceville, VA, with a principal place of business in Springdale, Arkansas, and employed Plaintiff Reid and Defendants Taylor, Newman, and Washington.

3. Upon information and belief, Defendant Kevin Taylor ("Taylor") is and at all times herein was an employee of Defendant Tyson who held a supervisory and/or managerial position and exercised such powers over Plaintiff during her tenure with Defendant Tyson.

4. Upon information and belief, Defendant Sidney Newman ("Newman") is and at all times herein was an employee of Defendant Tyson who held a supervisory and/or managerial position and exercised such powers over Plaintiff during her tenure with Defendant Tyson.

5. Upon information and belief, Defendant Calvin Washington ("Washington") is and at all times herein was an employee of Defendant Tyson who held a supervisory and/or managerial position and exercised such powers over Plaintiff during her tenure with Defendant Tyson.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§ 1331, 1343, 29 U.S.C. § 201 *et seq.*, and under Title VII of the Civil Rights Act of 1964, pursuant to 42 U.S.C. § 2000e *et seq*. The Court has supplemental jurisdiction over Plaintiff's Virginia State and local law claims under 28. U.S.C. § 1391(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

8. Plaintiff demands a trial by jury in this action.

## FACTS

9. Ms. Reid is a 31-year-old African-American woman residing in Norfolk, Virginia.

10. Ms. Reid began working for Defendant Tyson in April 2019 as a chicken scaler, earning approximately $11.75 per hour, and working approximately 50 hours per week.

11. In or around July 2019, shortly after beginning her employment as a chicken scaler, which operated out of a factory setting, Defendants Washington, Newman, and non-party supervisors Mervin 'Pacman' Watson informed Plaintiff that she was being promoted to work in an office position as a billing clerk, working eight hours per day for approximately six to seven days per week.

12. At no time did Plaintiff apply to the position of bill clerk.

13. Upon information and belief, Defendants made Plaintiff's gratuitous job change for ulterior purposes, namely to facilitate sexual harassment.

14. Subsequent to this unofficial promotion, Ms. Reid learned that her managers had not entered her promotion into the payroll system; rather, they told her the hours she was supposed to work and that she would be compensated as a billing clerk.

15. In or around early July 2019, when Plaintiff began working in the billing office, Defendants Newman and Washington informed her that she could use her cellphone, after which Plaintiff openly used her cell phone for several months, undisturbed and without any disciplinary action until December 26, 2019.

16. In or around early July 2019, Complex Manager Defendant Taylor approached Plaintiff from behind, grabbed, squeezed, and/or groped her breast shortly before introducing himself as her new supervisor when she began her new position. Defendant Taylor's conduct was not consensual, as Plaintiff had not met Defendant Taylor prior to this incident and only became aware of his presence when he grabbed, squeezed, and/or groped her left breast. Defendant Taylor's conduct was uninvited, unwanted, disgusting, and offensive to Plaintiff. Defendant Taylor only treated Plaintiff this way on the basis of her sex and/or race.

17. In or around September 2019, Complex Manager Defendant Newman entered Plaintiff's office uninvited, locked the door, exposed his penis, masturbated, and ejaculated in front of her. Defendant Newman's conduct was not consensual. Defendant Newman's conduct was uninvited, unwanted, disgusting, and offensive to Plaintiff. Defendant Newman only treated Plaintiff in this way on the basis of her sex and/or race.

18. In or around September 2019, Defendant Newman informed Plaintiff that in order to keep her job, she had to make him "happy," after which he forced her to perform oral sex on him. This conduct was not consensual. Defendant Newman's conduct was uninvited, unwanted,

disgusting, and offensive to Plaintiff. Defendant Newman only treated Plaintiff in this way on the basis of her sex and/or race.

19. Thereafter, Defendant Newman routinely called Plaintiff on her cellphone to summon Plaintiff to his office where he demanded both oral sex and sexual intercourse in exchange for Plaintiff being able to keep her job. None of this conduct was consensual. Each instance of such conduct by Defendant Newman was uninvited, unwanted, disgusting, and offensive to Plaintiff. Defendant Newman only treated Plaintiff in this way on the basis of her sex and/or race.

20. In or around October 2019, Shift Manager Defendant Washington called Plaintiff into his office and told her to close the door while he stood in front of her and exposed his penis to her. Defendant Washington's conduct was not consensual. Defendant Washington's conduct was uninvited, unwanted, disgusting, and offensive to Plaintiff. Defendant Washington only treated Plaintiff this way on the basis of her sex and/or race.

21. In or around October 2019, Plaintiff began standing up for herself and rejecting her supervisors' sexual advances and began experiencing retaliation at work as a result.

22. On or around November 20, 2019, Plaintiff approached General Plant Manager Brian White to report sexual harassment by Washington, Newman, and Taylor. Plaintiff informed Mr. White that Defendant Washington had exposed himself to her and that Newman was calling her cellphone, demanding she come to his office for sex, and that Taylor had touched her sexually and demanded sexual favors. Mr. White then asked Ms. Reid for proof of what she was reporting. Plaintiff then showed Mr. White that she knew the password to Mr. Newman's office by entering it, and provided Mr. White with the times of day and night when Defendant Newman called her to solicit sex. Mr. White feigned shock upon learning of the sexual harassment, and told Plaintiff he

did not want to have anything to do with her complaint because of who Defendants Newman and Washington were his superiors.

23. On or around December 12, 2019, Plaintiff emailed Defendant Newman asking why she was not receiving the same pay as a Caucasian female coworker who held the same position of billing clerk.

24. Plaintiff never heard back after her inquiry. Defendants did not pay Plaintiff the same.

25. On or around December 20, 2019, Plaintiff complained to Defendants Newman and Washington via email, informing them she would file a formal charge against them.

26. On or around December 26, 2019, Defendants initiated a disciplinary action against Plaintiff, pretextually citing improper or unauthorized cellphone use in violation of policy, and Plaintiff filed a formal complaint at work.

27. On or around December 27, 2019, a manager called Plaintiff to let her know that the managerial staff at the Temperanceville factory had a meeting in which they discussed Plaintiff's complaint and ways to get rid of her.

28. On or around December 30, 2019, Plaintiff was terminated, ostensibly for cellphone use.

## AS AND FOR A FIRST CAUSE OF ACTION
### Gender Discrimination and Hostile Workplace

29. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

30. Title VII of the United States Code prohibit gender discrimination in the workplace.

31. Plaintiff deserved to retain her employment and did not do anything to merit discharge or discipline and/or to be subject to this discriminatory conduct. Nevertheless,

6

Defendants denied Plaintiff of the benefits of employment, including all favorable conditions and emoluments thereof and created and allowed to exist a hostile, intolerable workplace imposed upon her by the conduct of its employees and managers, of which it was well aware and without any non-discriminatory basis therefor and wrongfully disciplined her and retaliated against her.

32. Defendants' actions were taken under circumstances giving rise to discrimination. The corporate defendants aided and abetted their employees in carrying out discriminatory actions against Plaintiff, which created an intolerable work environment based on gender discrimination and, acting with executive authority in their official capacities, took actions in regard to Plaintiff that violated Title VII.

33. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## AS AND FOR A SECOND CAUSE OF ACTION
**Sexual Harassment – Quid Pro Quo**

34. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

35. Title VII of the United States Code prohibit sexual harassment in the workplace.

36. Plaintiff deserved to retain her employment and did not do anything to merit discharge or discipline and/or to be subject to this discriminatory conduct. Nevertheless, Defendants denied Plaintiff of the benefits of employment, including all favorable conditions and emoluments thereof and created and allowed to exist a hostile, intolerable workplace imposed upon her by the conduct of its employees and managers, of which it was well aware and without any non-discriminatory basis therefor and wrongfully disciplined her and retaliated against her.

37. Defendants' actions were taken under circumstances giving rise to discrimination. The corporate defendants aided and abetted their employees in carrying out discriminatory actions against Plaintiff, which created an intolerable work environment based on *quid pro quo* sexual harassment and, acting with executive authority in their official capacities, took actions in regard to Plaintiff that violated Title VII.

38. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## AS AND FOR A THIRD CAUSE OF ACTION
**Sexual Harassment and Hostile Work Environment**

39. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

40. Title VII of the United States Code prohibit sexual harassment in the workplace.

41. Plaintiff deserved to retain her employment and did not do anything to merit discharge or discipline and/or to be subject to this discriminatory conduct. Nevertheless, Defendants denied Plaintiff of the benefits of employment, including all favorable conditions and emoluments thereof and created and allowed to exist a hostile, intolerable workplace imposed upon her by the conduct of its employees and managers, of which it was well aware and without any non-discriminatory basis therefor and wrongfully disciplined her and retaliated against her.

42. Defendants' actions were taken under circumstances giving rise to discrimination. The corporate defendants aided and abetted their employees in carrying out discriminatory actions against Plaintiff, which created an intolerable work environment based on sexual harassment

creating a hostile work environment and, acting with executive authority in their official capacities, took actions in regard to Plaintiff that violated Title VII.

43. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Racial Discrimination

44. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

45. Title VII of the United States Code prohibit sexual harassment in the workplace.

46. Plaintiff deserved to retain her employment and did not do anything to merit discharge or discipline and/or to be subject to this discriminatory conduct. Nevertheless, Defendants denied Plaintiff of the benefits of employment, including all favorable conditions and emoluments thereof and created and allowed to exist a hostile, intolerable workplace imposed upon her by the conduct of its employees and managers, of which it was well aware and without any non-discriminatory basis therefor and wrongfully disciplined her and retaliated against her.

47. Defendants' actions were taken under circumstances giving rise to discrimination. The corporate defendants aided and abetted their employees in carrying out discriminatory actions against Plaintiff, which created an intolerable work environment based on racial discrimination and, acting with executive authority in their official capacities, took actions in regard to Plaintiff that violated Title VII.

48. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future

wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## AS AND FOR A FIFTH CAUSE OF ACTION
**Retaliation**

49. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

50. Title VII of the United States Code prohibits retaliation against an employee who seeks to assert civil rights.

51. Plaintiff made complaints to Defendants about the mistreatment she received based on her gender, sexual harassment, and race, inflicted upon her by employees and managers of Defendants. In response, Defendants did not resolve her complaints, but rather subjected Plaintiff to continued and additional mistreatment, all with the knowledge and approval of Defendants for the purpose of punishing her for attempting to assert her civil rights.

52. Defendants' actions were taken under circumstances giving rise to an inference of discrimination. The corporate defendants aided and abetted their employees in carrying out discriminatory actions against Plaintiff which created an intolerable work environment based on discrimination based on gender, sexual harassment, and race, acting with executive authority in their official capacities, took actions in regard to Plaintiff that violated Title VII.

As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## AS AND FOR A SIXTH CAUSE OF ACTION
**Assault and Battery – Against Taylor and Newman**

53. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

54. Defendants Taylor and Newman purposely, knowingly, recklessly, and wrongfully assaulted and battered Plaintiff as alleged *supra*.

55. Defendants Taylor and Newman's sexual coercion and assaults of Plaintiff were both harmful and offensive to Plaintiff and placed her in reasonable apprehension of physical harm.

56. Defendants Taylor and Newman purposely, knowingly, recklessly, and wrongfully touched and battered Plaintiff as alleged herein, *supra*.

57. Defendants Taylor and Newman's sexual assaults were intentional and done in conscious disregard of Plaintiff's rights.

58. As a direct and proximate result of the conduct, described herein, Plaintiff has suffered, and will in the future suffer, great damages including physical injury; severe mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction, including but not limited to: depression, nervousness, inability to sleep, severe and persistent nightmares, panic attacks, loss of self-esteem and severe anxiety impacting Plaintiff's daily living activities; medical expenses; loss of enjoyment of life and other nonpecuniary injury in amounts to be determined at trial.

59. Defendants Taylor and Newman's conduct described herein was done with actual malice toward Plaintiff, and actually and proximately causing her damage and entitling her to an award of punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**Assault and Battery: *Respondeat Superior* – Against Tyson**

60.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth herein.

61.     Defendants Taylor and Newman's sexual assaults and batteries alleged herein were committed within their scope of employment for Tyson, in that, as part of their jobs at Tyson, they were directly supervising Plaintiff when they sexually assaulted her and they explicitly told her that providing sexual services to them was a part of her job.

62.     As a direct and proximate result of its conduct, Plaintiff has suffered, and will in the future suffer, great damages including physical injury; severe mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction, including but not limited to: depression, nervousness, inability to sleep, severe and persistent nightmares, panic attacks, loss of self-esteem, and severe anxiety impacting Plaintiff's daily living activities; medical expenses; loss of enjoyment of life and other nonpecuniary injury in amounts to be determined at trial.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress – Against Taylor and Newman**

63.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

64.     Defendants Taylor and Newman's conduct detailed supra was done with the intended and specific purpose to inflict emotional distress on the Plaintiff, or Defendants Taylor and Newman knew or should have known that their conduct would result in severe emotional distress to Plaintiff.

65. The Defendants Taylor and Newman's conduct was so outrageous and intolerable that it offends the accepted standards of decency and morality in the community.

66. As a result of the actions described herein, Plaintiff has suffered severe emotional distress manifesting in physical symptoms from said emotional distress.

67. The Plaintiff's emotional distress and physical manifestations were proximately caused by Defendants conduct.

68. The Defendants Taylor and Newman's actions displayed a reckless and wanton disregard for Plaintiff's rights and an award of punitive damages is therefore appropriate.

69. As a proximate result of Defendants' actions described above, the plaintiff has suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## AS AND FOR A NINTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress:** *Respondeat Superior* **– Against Tyson**

70. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

71. The Defendants Taylor and Newman were at their place of employment by Tyson when they perpetrated the sexual assaults alleged herein; they perpetrated the assaults during working hours and while they were "on the clock"; and they committed the assaults during the course of exercising direct supervision over Plaintiff in the performance of her duties as a Tyson employee.

72. Therefore, Tyson is vicariously liable *via* the doctrine of *respondeat superior* for the Defendants Taylor and Newman's intentional infliction of emotional distress to Plaintiff.

### AS AND FOR A TENTH CAUSE OF ACTION
**Aggravated Sexual Battery – Against Taylor and Newman**

73. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

74. The tactile touching of the sexual nature alleged *supra* constituted aggravated sexual battery against the plaintiff which proximately caused her injuries as alleged *supra*.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
**Aggravated Sexual Battery: *Respondeat Superior***

75. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

76. The Defendants Taylor and Newman were at their place of employment by Tyson when they perpetrated the aggravated sexual assaults alleged herein; they perpetrated the assaults during working hours and while they were "on the clock"; and they committed the assaults during the course of exercising direct supervision over Plaintiff in the performance of her duties as a Tyson employee, and they told her that providing sexual services to them was part of her job.

77. Therefore, Tyson is vicariously liable *via* the doctrine of *respondeat superior* for the Defendants Taylor and Newman's intentional infliction of emotional distress to Plaintiff, which proximately caused the injuries and damages alleged *supra*.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. Enter a declaratory judgment, stating that Defendant's practices, policies and procedures subjected Plaintiffs to discrimination based on gender, sexual harassment, and race, in violation of Title VII of the United States Code.

B. Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies employees of any gender or race the full and equal enjoyment of Defendant's benefits, pay increases, promotional opportunities and advancement within the company, and specifically enjoin them:

    a. to develop, implement, promulgate, and comply with a policy providing for the training of each and every employee and manager in the civil rights of employees in the workplace, including but not limited to harassment and discrimination based upon gender and race, and retaliation;

    b. to develop, implement, promulgate, and comply with a policy providing for reporting and investigation of complaints regarding civil rights abuses, including but not limited to harassment and discrimination based upon gender, race, and retaliation; and

    c. to develop, implement, promulgate, and comply with a policy providing for disciplinary measures to be imposed upon any person found responsible for civil rights abuses, including, but not limited to, harassment and discrimination based upon gender and race, and retaliation;

C. On the First Cause of Action, enter judgment against the named defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorney's fees, pre- and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper;

D. On the Second Cause of Action, enter judgment against the named defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages

    for emotional distress, punitive and/or exemplary damages, attorney's fees, pre- and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper;

E. On the Third Cause of Action, enter judgment against the named defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorney's fees, pre- and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper;

F. On the Fourth Cause of Action, enter judgment against the named defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorney's fees, pre- and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper;

G. On the Fifth Cause of Action, enter judgment against the named defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorney's fees, pre- and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper.

H. On the Sixth Cause of Action, enter judgment against the named defendants and an award of compensatory damages, damages for emotional distress, punitive and/or exemplary damages, attorney's fees, pre-and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper.

I. On the Seventh Cause of Action, enter judgment against the named defendants and an award of compensatory damages, damages for emotional distress, punitive and/or exemplary damages, attorney's fees, pre-and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper.

J. On the Eighth Cause of Action, enter judgment against the named defendants and an award of compensatory damages, damages for emotional distress, punitive and/or exemplary damages, attorney's fees, pre-and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper.

K. On the Ninth Cause of Action, enter judgment against the named defendants and an award of compensatory damages, damages for emotional distress, punitive and/or exemplary damages, attorney's fees, pre-and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper.

L. On the Tenth Cause of Action, enter judgment against the named defendants and an award of compensatory damages, damages for emotional distress, punitive and/or exemplary damages, attorney's fees, pre-and post-judgment interest, in an amount, in excess of the jurisdictional

limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper.

M. On the Eleventh Cause of Action, enter judgment against the named defendants and an award of compensatory damages, damages for emotional distress, punitive and/or exemplary damages, attorney's fees, pre-and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper.

Dated: December 23, 2020
Norfolk, VA

ASHLEY REID

By: /s/ Jeremiah A. Denton III
Jeremiah A. Denton III, Esq., VSB #19191
Jeremiah A. Denton IV, Esq., VSB #83818
Denton & Denton
3300 South Building, Suite 208
397 Little Neck Road
Virginia Beach, VA 23452
Tel: 757/340-3232
Fax: 757/340-4505
jerry@jeremiahdenton.com
jake@jeremiahdenton.com

By: /s/ Eric M. Baum
Eric M. Baum (*pro hac vice to be filed*)
EISENBERG & BAUM, LLP
24 Union Square East, 4th Floor
New York, NY 10003
Tel: 212/353-8700

*Attorneys for Plaintiff*