IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| ASHLEY REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:20cv642 (RCY) |
| | ) | |
| TYSON FARMS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Calvin Washington's Motion to Dismiss

("Washington Motion to Dismiss") (ECF No. 10). Defendant Washington seeks to dismiss the

Plaintiff's claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

arguing that he cannot be held liable under Title VII of the Civil Rights Act of 1964 and noting

that he was not specifically identified under the counts alleging state tort law violations.

(Washington Mem. Supp., ECF No. 11 at 1-2.) The Plaintiff opposes the motion, and alternatively

requests leave to amend her complaint to correct a "scrivener's error" and accordingly add

Defendant Washington "to the common law claims of Intentional Infliction of Emotional Distress

and Assault and Battery." (Pl.'s Mem. Opp'n, ECF No. 19 at 3.) The motion has been fully briefed,

and the Court dispenses with oral argument because the facts and legal contentions are adequately

presented in the materials before the Court, and oral argument would not aid in the decisional

process. E.D. Va. Loc. Civ. R. 7(J).

For the reasons that follow, the Washington Motion to Dismiss (ECF No. 10) will be

GRANTED IN PART, and the Plaintiff will be granted leave to amend her Complaint to add

Defendant Washington to the counts for Intentional Infliction of Emotional Distress and Assault

1

and Battery. The Partial Motion to Dismiss on Behalf of Defendants Tyson Farms Inc. and Tyson Foods, Inc. ("Tyson Partial Motion to Dismiss") (ECF No. 12) shall be deemed to apply to the Amended Complaint, as shall the Answers filed by Defendants Tyson Farms, Inc., Tyson Foods, Inc., Sidney Newman, and Kevin Taylor (ECF Nos. 14, 15, 16).

## I. Factual and Procedural Background

On December 23, 2020, Plaintiff Ashley Reid filed a Complaint against Tyson Farms, Inc., Tyson Foods, Inc., Kevin Taylor, Sidney Newman, and Calvin Washington. (Compl., ECF No. 1.) Reid, a former employee of Tyson Foods, Inc., brought eleven claims against her former employer and supervisors at Tyson Foods, alleging multiple instances of sexual harassment and assault against her by her supervisors Taylor, Newman, and Washington. (*Id.*) Reid, who was allegedly terminated after making complaints about these incidents, brought five claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and six claims under state law tort theories. (*Id.*)

Relevant here, Plaintiff named Washington in the Complaint and alleged that he called her into his office, stood in front of her, and exposed his penis to her without her consent in October 2019. (*Id.* ¶ 20.) However, Washington was not specifically named under any of the eleven causes of action in the Complaint. (*Id.* ¶¶ 29-77.) The five claims under Title VII, counts one through five, did not specifically name any of the Defendants and presumably were to be applied to all Defendants.

On February 15, 2021, after he was granted an extension to file responsive pleadings, Defendant Washington filed the instant Motion to Dismiss. (ECF No. 10.) That same day, Defendants Tyson Farms, Inc. and Tyson Foods, Inc. (collectively, "Tyson"), along with Defendants Taylor and Newman, filed Answers. (ECF Nos. 14, 15, 16.) The Tyson Defendants

filed a Partial Motion to Dismiss Plaintiff's Complaint, seeking dismissal of the state law tort claims against them. (ECF No. 12.) The Plaintiff filed a Memorandum of Law in Opposition to the instant motion on March 8, and Defendant Washington filed a Reply on March 15. (ECF Nos. 19, 21.)

## II. Legal Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The Federal Rules of Civil Procedure require that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* In considering a motion to dismiss, a plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

## III. Application

A. Washington Motion to Dismiss – Title VII Claims

Washington argues that the claims brought under Title VII should be dismissed to the extent that they apply to him, because that statute applies to "employers," and not supervisors sued in their individual capacities.

Title VII of the Civil Rights Act of 1964 prohibits certain forms of employment discrimination by an "employer." 42 U.S.C. § 2000e-2(a). In *Lissau v. Southern Food Service, Inc.*, the Fourth Circuit held that "supervisors are not liable in their individual capacities for Title VII violations." 159 F.3d 177, 180 (4th Cir. 1998). Indeed, "Plaintiff concedes that Title VII claims are generally only chargeable against the employer." (Pl.'s Mem. Opp'n, ECF No 19 at 3.) Accordingly, the Court will grant Defendant Washington's Motion to Dismiss with respect to the Title VII claims against him.

B. Amendment of the Complaint

The Plaintiff suggests that the failure to include Defendant Washington under counts six (Assault and Battery) and eight (Intentional Infliction of Emotional Distress) of the Complaint constituted a mere "scrivener's error." (Pl.'s Mem. Opp'n at 3.) She explains that, "[t]o the extent Plaintiff omitted Moving Defendant's name from the common law causes of action heading, this was a scrivener's error and Plaintiff requests leave to amend the Complaint to add Moving Defendant to the common law claims of Intentional Infliction of Emotional Distress and Assault and Battery." (ECF No. 19 at 3.) Indeed, the Complaint specifically names Washington as a Defendant and describes an incident in which he allegedly exposed himself to the Plaintiff in his office in October 2019. (Compl. ¶ 20.)

Rule 15(a)(2) of the Federal Rules of Civil procedure provides, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Defendant Washington does not oppose the Plaintiff's request to amend her Complaint: "Washington would not oppose Plaintiff's request for leave to amend the Complaint to 'add Moving Defendant to the common law claims of Intentional Infliction of Emotional Distress and assault and Battery,' to fix what counsel for Plaintiff refers to as a

'scrivener's error' in the Complaint." (Def.'s Reply, ECF No. 21.) Accordingly, the Court will grant the Plaintiff leave to amend her Complaint in order to correct this scrivener's error and add Defendant Washington under the claims for Assault and Battery and Intentional Infliction of Emotional Distress.

Finally, because the Plaintiff's proposed amendment would only correct a scrivener's error and add Defendant Washington to counts six and eight, the motion to dismiss counts seven, nine, and eleven filed by the Tyson Defendants, as well as the Answers filed by the Tyson Defendants and Defendants Newman and Taylor, shall be deemed to apply to the amended complaint once it is filed. *See Walton v. Greensville Corr. Ctr.*, 2015 WL 2452451, at *3 (E.D. Va. 2015); 6 CHARLES ALAN WRIGHT, ET AL.., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2021) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

### IV. Conclusion

For the reasons stated above, the Washington Motion to Dismiss will be GRANTED IN PART, and the Plaintiff will be granted leave to amend the Complaint to add Defendant Washington to the claims for Intentional Infliction of Emotional Distress and Assault and Battery.

An appropriate Order shall issue.

/s/ _____

Roderick C. Young
United States District Judge

Richmond, Virginia
Date: April 19, 2021

5